```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BECKLEY
```

**TRINITY HOLDINGS, LLC,**

      Plaintiff,

v.                                        Civil Action No. 5:21-cv-00238

**WV CROSSROADS REALTY, LLC;**
**WV CROSSROADS CH, LCC; and**
**WV CROSSROADS NASSIM, LLC,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Trinity Holdings, LLC's Motion to Dismiss Defendants' Counterclaim (ECF No. 11), filed June 18, 2021.

### I. Background

According to the complaint, Trinity Holdings, LLC ("Trinity") is a Tennessee limited liability company that purchases property for the purpose of constructing and operating various quick service restaurants. Compl. 2, ECF No. 1. Defendants WV Crossroads Realty, LLC; WV Crossroads CH, LLC; and WV Crossroads Nassim, LLC (collectively "Crossroads") are West Virginia limited liability companies that own and operate the Crossroads Mall located near Mt. Hope, West Virginia. Id. at 2-3. In October 2019, the parties began negotiations surrounding the sale of a parcel of property (the "property") from

Crossroads to Trinity.  Id. at 3.  Trinity entered the negotiations with the intent to purchase the property to construct and operate a Taco Bell.  Id.

On June 8, 2020, following negotiations and revisions to the contract, the parties entered into a Purchase Agreement (the "Agreement"), wherein Trinity agreed, inter alia, to purchase the property from Crossroads for $360,000.  Id. at 4.  Section Five of the Agreement also contained a term expressing that Crossroads would be responsible for providing certain utilities to the property:

> (e)  **Utilities. Seller, at its sole cost and expense**, shall make available to within five (5) feet of Property boundaries the following utilities of suitable capacity for Buyer's proposed Quick Service Restaurant: storm and sanitary sewer, water, electricity, phone and cable/internet, gas.

Id.; Agreement 3, ECF No. 1-1 (emphasis in original).  Trinity contends Crossroads failed to bring these utilities to the property, thus breaching Crossroads' obligations as set forth in Section 5(e) of the Agreement.  Compl. 7-9.

Trinity instituted this action on April 15, 2021, alleging breach of contract and seeking specific performance. Id. at 10-12.  The case was filed in this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Id. at 2.

On May 28, 2021, Crossroads answered Trinity's complaint and asserted a counterclaim. Answer & Counterclaim, ECF No. 10. Crossroads' counterclaim alleges the Agreement is unconscionable. Id. at 14. Specifically, Crossroads alleges the $250,000 cost of making utilities available within five feet of the property, when compared to the $360,000 contract price for the property, is evidence that the contract is unconscionable and thus unenforceable. Id.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) correspondingly provides that a pleading may be dismissed when there is a "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss, a pleading must recite "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)). In other words, the "[f]actual allegations must be enough to raise a right to relief above the

speculative level." Twombly, 550 U.S. at 555 (citation omitted).

A district court's evaluation of a motion to dismiss is underlain by two principles. First, the court "must accept as true all of the factual allegations contained in the [pleading]." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56). Such factual allegations should be distinguished from "mere conclusory statements," which are not to be regarded as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Second, the court must "draw[] all reasonable factual inferences . . . in the [nonmovant's] favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

### III. Analysis

Under West Virginia law, for a contract to be unconscionable, the burden is on the party attacking the contract to show "both substantive unconscionability, or unfairness in the contract itself, and procedural unconscionability, or unfairness in the bargaining process." McFarland v. Wells Fargo Bank, N.A., 810 F.3d 273, 277 (4th Cir. 2016) (citing Brown v. Genesis Healthcare Corp. (Brown II), 729 S.E.2d 217, 221 (W. Va. 2012)). If a party fails to allege both

4

procedural and substantive unconscionability, the party has failed to sufficiently plead a claim for unconscionability of contract. See Horizon Ventures of W. Va., Inc. v. Am. Bituminous Power Partners, L.P., 857 S.E.2d 33, 40 (W. Va. 2021) (citing cases and stating that "to render a contract unenforceable this Court requires a finding that the contract is, at least in some degree, both procedurally and substantively unconscionable").

Substantive unconscionability "involves unfairness in the contract itself and whether a contract term is one-sided and will have an overly harsh effect on the disadvantaged party." Syl. Pt. 12, Brown II, 729 S.E.2d at 221. The factors weighed by the court include "the commercial reasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and public policy concerns." Id.

Procedural unconscionability, on the other hand,

> is concerned with inequities, improprieties, or unfairness in the bargaining process and formation of the contract. Procedural unconscionability involves a variety of inadequacies that results in the lack of a real and voluntary meeting of the minds of the parties, considering all the circumstances surrounding the transaction. These inadequacies include, but are not limited to, the age, literacy, or lack of sophistication of a party; hidden or unduly complex contract terms; the adhesive nature of the contract; and the manner and setting in which the contract was

5

>formed, including whether each party had a reasonable opportunity to understand the terms of the contract.

Id. at Syl. Pt. 10 (internal quotation marks and citation omitted).

Trinity's motion to dismiss contends that Crossroads has failed to allege both procedural and substantive unconscionability, as required by West Virginia Law. ECF No. 12, at 5. In its brief response, Crossroads asserts that Trinity is interpreting the Agreement in a manner that renders it equitably unconscionable and is inappropriately "argu[ing] factual disputes instead of the sufficiency of the allegations plead by Crossroads." ECF No. 18, at 3.

While the court agrees that the motion to dismiss stage is not the appropriate time to argue factual disputes, Crossroads has failed to address the insufficiency of the allegations contained in its counterclaim. Even under a liberal reading of the counterclaim, all of Crossroads' allegations go toward the substantive unconscionability of the contract and are specifically based upon the cost to connect the property to utilities set against the sales price of the property. Crossroad's counterclaim makes no allegations as to "inequities, improprieties, or unfairness in the bargaining process and formation of the contract." Brown II, 729 S.E.2d at 221. Without such allegations, the claim cannot proceed. See Bennett

v. Skyline Corp., 52 F. Supp. 3d 796, 810 (N.D.W. Va. 2014) (dismissing unconscionability claim where plaintiff failed to plead any facts that could lead to a finding of procedural unconscionability).

Inasmuch as Crossroads has failed to sufficiently plead that the challenged contract provision was procedurally unconscionable, the court finds that it need not address Trinity's argument that Crossroads also failed to plead the provision is substantively unconscionable.

III. Conclusion

Based on the foregoing, the Court ORDERS that Trinity Holdings, LLC's Motion to Dismiss the Defendants' Counterclaim (ECF No. 11) be, and hereby is, granted.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: January 28, 2022

John T. Copenhaver, Jr.
Senior United States District Judge